Court Ex #2
9/25/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

UNITED STATES OF AMERICA

- v. -

BOBBY WELLS,

Defendant.

---------------------------------- x

CONSENT PRELIMINARY ORDER OF FORFEITURE/ MONEY JUDGMENT

25 Cr. 151 (NSR)

WHEREAS, on or about April 7, 2025, BOBBY WELLS (the "Defendant"), was charged in a four-count Indictment, 25 Cr. 151 (NSR) (the "Indictment"), with Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Counts One and Three); and firearms use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii) (Counts Two and Four);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, on or about May 7, 2026, the Defendant pled guilty to Counts One, Three, and Four of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Three of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code,

Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), a sum of money equal to $450 in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Three of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $450 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Jorja N. Knauer, of counsel, and the Defendant, and his counsel, Ben Gold, Esq., that:

1. As a result of the offenses charged in Counts One and Three of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $450 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Three of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant BOBBY WELLS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________ 9/23/2026
Jorja N. Knauer DATE
Assistant United States Attorney
26 Federal Plaza, 37th Floor
New York, NY 10278
(914) 993-1919

BOBBY WELLS

By: ______________________ 9-25-26
Bobby Wells DATE

By: ______________________ 9.25.26
Ben Gold, Esq. DATE
Attorney for Defendant
81 Main Street, Suite 300
White Plains, NY 10601

SO ORDERED:

______________________ 09/25/26
HONORABLE NELSON S. ROMÁN DATE
UNITED STATES DISTRICT JUDGE